UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS JR,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. 3:22-cv-5266 LK-TLF

REPORT AND RECOMMENDATION

Noted for June 24, 2022

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff John Robert Demos, a state prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint. Dkt. 1-1. For the reasons discussed below, the Court should deny plaintiff's IFP application and should dismiss plaintiff's complaint with prejudice.

DISCUSSION

Plaintiff is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State Courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and

1  proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D.
2  Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos*
3  (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, e.g.,*
4  *Demos v. Wash. Dep't of Corr.*, 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos*
5  *v. State of Wash., et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v.*
6  *Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).
7        Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent
8  danger of serious physical injury" to proceed IFP because he has had more than three
9  prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos*
10 *v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Plaintiff's proposed complaint
11 alleges that he is in imminent danger because he previously contracted COVID-19. Dkt.
12 1. Plaintiff's complaint does not demonstrate that he currently faces "imminent danger of
13 serious physical injury." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)
14 (internal citations omitted).
15       Moreover, even if plaintiff paid the Court filing fee for his complaint, the complaint
16 would be subject to dismissal. Plaintiff's complaint alleges that Governor Inslee and
17 China are colluding to ensure that prisoners in the Washington State Department of
18 Corrections are exposed to COVID-19. Dkt. 1. Plaintiff's claims are conclusory,
19 speculative and do not appear to have any basis in law or fact. Therefore, plaintiff's
20 complaint should be dismissed with prejudice.
21 CONCLUSION
22       Based on the foregoing discussion, the Court should deny plaintiff's IFP
23 application and dismiss plaintiff's complaint with prejudice.
24
25

REPORT AND RECOMMENDATION - 2

1   The parties have **fourteen (14) days** from service of this Report and
2   Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule
3   of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in
4   a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140
5   (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is
6   directed set this matter for consideration on **June 24, 2022**, as noted in the caption.
7   Dated this 7th day of June, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3